IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-cv-285-MJR |
| ) | |
| MARK BOOZER and JERRY McQUIRE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is Defendant Mark Boozer's Motion to Set Aside Default (Doc. 27). For the reasons set forth below, this motion is **GRANTED**.

### BACKGROUND

Plaintiff, an inmate in the Illinois Department of Corrections, filed this action alleging that Defendants Boozer and McQuire were deliberately indifferent to his serious medical needs in requiring him to wear state-issued work boots despite a medical permit exempting Plaintiff from such wear. Plaintiff alleges that the state-issued boots caused a diabetic foot ulcer, which ultimately required surgery. Upon threshold review under 28 U.S.C. § 1915A, United States District Judge Michael J. Reagan found that Plaintiff's complaint stated a cause of action against the Defendants for deliberate indifference and ordered the United States Marshal to serve process on the two Defendants (Doc. 14). A waiver of service form was sent to Defendant Boozer on August 31, 2009; Defendant Boozer's answer was due on October 30, 2009. The executed waiver was returned to the Court on October 29, 2009. On November 16, 2009, Defendant Boozer had still not filed a responsive pleading, so the Court entered a Notice of Impending Dismissal (Doc. 21) informing the parties that due to Defendant Boozer's failure to answer, Plaintiff was entitled to a default judgment. On December 2, 2009, Plaintiff filed a motion for Entry of Default against Defendant Boozer (Doc.

24), which the Court granted on December 4, 2009 (Doc. 25).

On December 21, 2009, Attorney Ellen C. Bruce entered her appearance on behalf of Defendant Boozer and filed a Motion to Set Aside the Default (Doc. 27). Defendant Boozer argues that he did not know who to contact at the Illinois Department of Corrections after he received the waiver of service form in October 2009. He did not know to contact the Office of the Attorney General for the State of Illinois to request representation until the Litigation Coordinator at Centralia Correctional Center so informed him around December 14, 2009. Defendant Boozer now asks the Court to vacate its entry of default so that he may present his meritorious defense to the allegations raised in the complaint. Plaintiff did not file a response to the motion.

## ANALYSIS

Federal Rule of Civil Procedure 55(c) governs vacation of entries of default and default judgments. To set aside an entry of default, the moving party must demonstrate "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted). Default judgments are disfavored; a trial on the merits of the case is preferred. *Id.* at 631. A court applies the rule more liberally to motions seeking relief from entry of default than to motions seeking to vacate a default judgment. *Id.*

Here, Defendant Boozer has shown good cause for the default by demonstrating that his failure to respond to the waiver of service was inadvertent. He has also shown quick action to correct the entry of default by contacting the Illinois Attorney General's Office as soon as he learned that he was to seek the Attorney General's representation in the case. The Assistant Attorney General in turn entered her appearance in the case as soon as she became aware of the entry of

default.  Finally, Plaintiff has demonstrated a meritorious defense to Plaintiff's deliberate indifference claims in that he will argue he is not a medical professional capable of prescribing a course of treatment.

Based upon Defendant's showing of good cause and on Plaintiff's failure to respond, which the Court construes as an admission on the merits of the motion,[1] the Motion to Set Aside the Entry of Default against Defendant Boozer (Doc. 27) is **GRANTED**.  The entry of default is **SET ASIDE**.  Defendant Boozer is **DIRECTED** to file a responsive pleading by **April 26, 2010.**

**DATED: April 12, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[1] Under SDIL-LR 7.1(c), "[f]ailure to timely file a response to a motion may, in the Court's discretion be considered an admission of the merits of the motion."