IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-285-MJR |
| | ) | |
| MARK BOOZER and JERRY McQUIRE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On June 8, 2009, the Clerk of Court sent a request for waiver of service, along with a USM-285 form and a service packet to the United States Marshal Service for Defendant **Jerry McGuire** (Doc. 15). On September 21, 2009, the waiver was returned from the Marshal unexecuted with a notation that the Illinois Department of Corrections has been unable to locate Defendant **Jerry McGuire** (Doc. 16).

It came to the Court's attention that Plaintiff's complaint named **Jerry McQuire** (not **McGuire**) as the second Defendant. On December 1, 2009, the Court directed the Clerk to prepare a summons for Defendant **Jerry McQuire** and ordered the United States Marshal to serve process upon him. On February 19, 2010, the summons was returned unexecuted with a notation that "there is no employee by the name of Jerry McQuire" (Doc. 29). On April 12, 2010, the undersigned extended Plaintiff's deadline for service of process on Defendant **Jerry McQuire** to May 12, 2010, and ordered Plaintiff to either serve Defendant **McQuire** or provide additional information to the Court to identify him so that the United States Marshal might serve process upon him (Doc. 31). Plaintiff responded to this order on April 23, 2010 (Doc. 32). He stated that contrary to the assertion of officials at Pinckneyville Correctional Center, a **Sergeant Jerry McQuire** did exist and did previously work at that institution. Plaintiff included with the

response a copy of a grievance and a grievance officer's report both of which refer to a **Sgt. McGuire**, not **Jerry McQuire**.

Based on this response, the Court now **DIRECTS** the Clerk's Office to prepare a summons for **Sgt. McGuire** at Pinckneyville Correctional Center and **ORDERS** the United States Marshal for the Southern District of Illinois to personally serve process upon **Sgt. McGuire** pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. ¶566(c).

Within ten days after personal service is effected, the United States Marshal shall file the return of service for the Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the Defendant shows good cause for such failure.

The Court also **DIRECTS** the Clerk to forward a copy of this order to the United States Marshal Service.

**IT IS SO ORDERED.**

**DATED: May 24, 2010**

                                                          *s/ Donald G. Wilkerson*
                                                          **DONALD G. WILKERSON**
                                                          **United States Magistrate Judge**