IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL WILLIAMS, #N33861,       )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Case No. 08–cv–285–MJR–SCW
                                  )
MARK BOOZER and JERRY MCGUIRE,   )
                                  )
            Defendants.           )

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

## I. Introduction

This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. § 636(b)(1)(B), FEDERAL RULE OF CIVIL PROCEDURE 72(b),** and **LOCAL RULE 72.1(a)** for a Report and Recommendation on the issue of whether Defendants were deliberately indifferent to Plaintiff's serious medical needs. It is **RECOMMENDED** that the Court **DENY** Defendants' Motion for Summary Judgment (Docs. 53 & 54) as there are still issues of material fact as to whether Defendants were deliberately indifferent.

## II. Findings of Fact

Plaintiff filed his original Complaint on April 7, 2008 alleging deliberate indifference to his serious medical needs by Defendants Mark Boozer and Jerry McGuire. Specifically, his Complaint related to events that occurred while he was incarcerated at Pinckneyville Correctional Center in March and April of 2006. At the time of his incarceration Plaintiff suffered from diabetes and is insulin dependent (Doc. 54 Ex. 1 at pp. 13-14). On March 8, 2006, while incarcerated at Pickneyville, Plaintiff reported to work wearing gym shoes instead of state issued work boots (Doc. 57 at p. 5). Plaintiff states

he arrived in gym shoes because he had previous issues with wearing state issue work boots causing injuries to his foot due to his diabetes (Doc. 54 Ex. 1 at p. 16:17-23). When he reported to work, Defendants informed him that he had to wear state issued work boots (Id. at p.7:2-10). Plaintiff informed them that he could not wear the boots due to his diabetes and told them of a previous incident in which wearing boot had led to the loss of one of his toes (*Id.*). Sergeant McGuire informed him that he would need to get something from the medical unit stating that he could not wear boots and sent him back to his cell unit (*Id.*).

On March 14, Plaintiff reported to the Health Care Unit and requested permission to wear gym shoes at work (Doc. 54 Ex. 2 p. 1). The Health Care Unit proscribed a daily Betadine foot soak and instructed Plaintiff to wear band-aids. The medical record notes that Plaintiff was suffering from blisters on both feet (*Id.*). On March 17, 2006, Plaintiff was seen by a doctor in the Health Care Unit and he was ordered to refrain from wearing state boot for six months (Doc. 43 Ex. 2 at p. 4; Doc. 57-1 at p. 6). Plaintiff claims that even after he received his Medical Permission Order allowing him to wear tennis shoes, that Defendants maintained that Plaintiff must wear work boots and threatened him with segregation if he refused to wear the boots or quit working in the unit (Doc. 54 Ex. 1 at pp.7-8). Defendants state that they neither prevented Plaintiff from going to the Health Care Unit nor did they discipline or threaten to place Plaintiff in segregation for Plaintiff's actions (Doc. 54 ¶¶ 17-21; See also Doc. 54 Ex. 1 at p. 9). The parties further dispute whether Plaintiff refused the prescribed foot soaks or was not given the foot soaks by prison officials. The medical records indicated that Plaintiff refused the foot soak on numerous occasions (Doc. 54 Exs. 5-7), while Plaintiff points to another portion of the medical record where he informed officials that he was not receiving the foot soak (*Id.* at Ex. 8). Plaintiff subsequently developed a diabetic ulcer which became infected and developed gangrene causing Plaintiff to require an amputation of his right leg below the knee (Doc. 54 Ex. 1 at pp. 7, 15-16).

Subsequent to Plaintiff filing his Complaint, Defendants filed a Motion for Summary Judgment (Docs. 53 & 54) arguing that they were not deliberately indifferent to Plaintiff's medical needs because Defendants never prevented Plaintiff from accessing the Health Care Unit and never retaliated against him for his insistence on wearing tennis shoes as opposed to work boots. Defendants also argue that they were not aware that wearing the boots would cause Plaintiff's ulcer to develop an infection. Plaintiff has filed a Response (Doc. 57) arguing that Defendants were deliberately indifferent.

### III. Conclusions of Law

Under **FEDERAL RULE OF CIVIL PROCEDURE 56**, summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986).** *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* **422 F.3d 603, 607 (7th Cir. 2005)**. The burden is upon the moving party to establish that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, **398 U.S. 144, 160 (1970).** *See also Lawrence v. Kenosha County*, **391 F.3d 837, 841 (7th Cir. 2004)**. A fact is material if it is outcome determinative under applicable law. *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 248 (1986);** *Ballance v. City of Springfield, Illinois Police Department*, **424 F.3d 614, 616 (7th Cir. 2005);** *Hottenroth v. Village of Slinger,* **388 F.3d 1015, 1027 (7th Cir. 2004).** Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull*, **371 F.3d 928, 935 (7th Cir. 2004).** *See also Anderer v. Jones*, **385 F.3d 1043, 1064 (7th Cir. 2004).**

The inquiry performed is the threshold inquiry of determining whether there is the need for a trial, whether, in other words, there are any genuine factual issues that properly can be resolved

only by a finder of fact because they may reasonably be resolved in favor of either party.

> [T]his standard mirrors the standard for a directed verdict under **FEDERAL RULE OF CIVIL PROCEDURE 50(a)**, which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

*Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986).** *See also Celotex Corporation v. Catrett*, **477 U.S. 317, 322-23 (1986);** *Packman v. Chicago Tribune Co.*, **267 F.3d 628, 637 (7th Cir. 2001);** *Sybron Transition Corporation v. Security Insurance Company of Hartford*, **107 F.3d 1250, 1255 (7th Cir. 1997).**

A showing of a mere factual disagreement between the parties is insufficient, the factual issue must be "material," meaning that the issue must be one affecting the outcome of the suit. *See Outlaw v. Newkirk*, **259 F.3d 833, 837 (7th Cir. 2001)**. A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, **477 U.S. at 323**. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*.

The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, **486 F.3d 1017, 1022 (7th Cir. 2007) (quoting** *Hammel v. Eau Galle Cheese Factory*, **407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).** The moving party bears the initial burden of producing evidence that identifies "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes to demonstrate the absence of a genuine issue of material fact." *Outlaw*, **259 F.3d at 837 (quoting** *Logan v. Commercial Union Ins. Co.*, **96 F.3d 971, 978 (7th Cir. 1996))**. After the moving party has satisfied its burden to establish that no genuine issue of material fact

exists, the burden shifts to the non-moving party to "set out specific facts showing a genuine issue for trial." **FED.R.CIV.P. 56(e)(2)**. The non-moving party "may not rely merely on allegations or denials in its own pleading." *Id*. The opposing party must, instead, "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file.' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex*, **477 U.S. at 324.**

## A. Deliberate Indifference

The Supreme Court has declared that a prison official's "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble*, **429 U.S. 97, 104 (1976) (quoting** *Gregg v. Georgia*, **428 U.S. 153, 173 (1976))**. In order to prevail on such a claim, a plaintiff must first show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, **414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).**

The following circumstances could constitute a serious medical need: "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, **546 F.3d 516, 522-23 (7th Cir. 2008) (quoting** *Guteirrez v. Peters*, **111 F.3d 1364, 1373 (7th Cir. 1997))**. *See also Foelker v. Outagamie County*, **394 F.3d 510, 512-13 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.")**.

Second, a prisoner must show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference. "Deliberate indifference to serious medical needs of prisoners

constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, **429 U.S. at 104 (quoting** *Gregg v. Georgia*, **428 U.S. 153, 173 (1976)**. "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, **780 F.2d 645, 652-53 (7th Cir. 1985)**. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id*. **at 653;** *Shockley v. Jones*, **823 F.2d 1068, 1072 (7th Cir. 1987)**. Put another way, the Plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, **414 F.3d at 653.** "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence,... and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan*, **511 U.S. 825, 842 (1994) (citations omitted)**. A plaintiff does not have to prove that his complaints of pain were "literally ignored," but only that "the defendants' responses to it were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, **546 F.3d 516, 524 (7th Cir. 2008) (quoting** *Sherrod v. Lingle*, **223 F.3d 605, 611 (7th Cir. 2000))**. "Even if the defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Gayton v. McCoy*, **593 F.3d 610, 620 (7th Cir. 2010) (quoting** *Farmer*, **511 U.S. at 843).**

**B.     Analysis**

Defendants argue that they are entitled to summary judgment because Plaintiff has failed to state a claim against them for deliberate indifference. Defendants do not dispute that Plaintiff suffered from a serious medical condition in that he suffered from diabetes. Instead, Defendants argue that Plaintiff has failed to create an issue of material fact as to whether he was at a substantial risk of

serious harm and Defendants were deliberately indifferent to that risk. They state that while they were aware that Plaintiff was diabetic, they were not medical providers and did not know that Plaintiff was receiving insulin twice daily or that wearing boots would contribute to his foot ulcer leaving him vulnerable to infection.

However, Defendants miss the key issue raised by Plaintiff in his Complaint. Plaintiff argues that Defendants are deliberately indifferent because they refused to honor his Medical Permission Order from the Health Care Unit which gave Plaintiff permission to wear tennis shoes instead of state issued work boots while on work duty. Plaintiff alleges in his Complaint and his deposition testimony that after receiving his Medical Permission, Defendants still refused to allow Plaintiff to work in tennis shoes and insisted that he wear the issued boots despite the substantial risk of harm caused to his feet by wearing the boots. Although Defendants are not admittedly medical providers, a guard can still be deliberate indifferent to an inmates medical needs if he intentionally delays or denies access to care or if he intentionally interferes with prescribed treatment. *See Walker v. Benjamin*, **293 F.3d 1030, 1040 (7th Cir. 2002) (deliberate indifference extends to guards who intentionally delay or deny access to medical care or who intentionally interfere with a prisoner's prescribed treatment (citing** *Estelle v. Gamble,* **429 U.S. 97, 104, 97 S.Ct. 285 (1976));** *see also Board v. Farnham*, **394 F.3d 469, 485 (7th Cir. 2005) (guards could be held liable for their deliberate indifference to inmate's medical needs by failing to give inmate his inhaler when it was known that he suffered from asthma)**. Here, Plaintiff has created a material issue of fact as to whether Defendants were deliberately indifferent to Plaintiff's medical needs when they allegedly refused to allow Plaintiff to wear tennis shoes even after he obtained medical permission from the Health Care Unit due to his diabetes, effectively interfering with Plaintiff's prescribed treatment, requiring him not to wear work boots for six months. Defendants fail to even mention this issue of fact in their summary judgment motion and thus the facts

surrounding Plaintiff's claim still remain at issue. Thus, the undersigned **RECOMMENDS** that the Court **DENY** Defendants' motion for summary judgement (Docs. 53 & 54).

## IV. Conclusion and Recommendation

As issues of material fact still remain on Plaintiff's claim of deliberate indifference against Defendants, the undersigned, accordingly, **RECOMMENDS** that the Court **DENY** Defendants' motion for summary judgment (Doc. 53 & 54). Should this Report and Recommendation be accepted, Plaintiff's claims of deliberate indifference against both Defendant Mark Boozer and Defendant Jerry McGuire will remain pending.

Pursuant to **28 U.S.C. § 636(b)(1)** and **LOCAL RULE 73.1**, the parties shall have fourteen (14) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals.

**IT IS SO ORDERED**.

DATED: July 11, 2011

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge