IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINIOIS

MICHAEL WILLIAMS, )
)
        Plaintiff, )
)
vs. ) Case No. 08-0285-MJR-SCW
)
MARK BOOZER, and )
JERRY McGUIRE, )
)
        Defendants. )

<u>ORDER ADOPTING REPORT & RECOMMENDATIONS</u>

REAGAN, District Judge:

      Michael Williams, an inmate currently housed at Graham Correctional Center but previously confined at Pinckneyville Correctional Center, suffers from diabetes. He filed this action in April 2008 against two correctional officials, complaining of events that occurred while he was housed at Pinckneyville in 2006. Specifically, he alleged that correctional officials Mark Boozer and Jerry McGuire were deliberately indifferent to his serious medical needs. The case survived threshold review in May 2009, and service was ordered on both Defendants (see Docs. 14, 18). Defendant Boozer answered and asserted affirmative defenses on April 26, 2010 (Doc. 33), and Defendant McGuire answered and asserted affirmative defenses on September 20, 2010 (Doc. 39) and filed an amended answer on December 29, 2010 (Doc. 48).

      Originally referred to Magistrate Judge Donald G. Wilkerson, the case was reassigned to the Honorable Stephen C. Williams (Magistrate Judge) in January 2011. The case is set for final pretrial conference before Judge Williams on August 15, 2011 and jury trial before the undersigned District Judge on September 12, 2011.

1

Now before the Court is Boozer and McGuire (Defendants)' April 28, 2011 motion for summary judgment (Doc. 53), on which Judge Williams submitted a Report July 11, 2011 (Doc. 59), pursuant to 28 U.S.C. 636(b). The detailed Report recommends that the undersigned Judge deny Defendants' summary judgment motion, because genuine issues of material fact remain as to whether Defendants were deliberately indifferent to Plaintiff's serious medical needs.

The parties were clearly notified that they had fourteen days in which to file any objections to Judge Williams' Report under 28 U.S.C. 636(b)(1) and Local Rule 73.1 of this Court, and the failure to file objections would result in waiver of the right to challenge the issues addressed in the Report (see Doc. 59, p. 8; Doc. 59-1, p. 1). The deadline for filing objections (plainly stated in the docket entry at Doc. 59) was July 28, 2011.

Defendants neither filed objections nor sought additional time in which to do so and cannot now seek review by the undersigned District Judge of Magistrate Judge Williams' conclusion that the summary judgment motion merits denial. Plaintiff timely filed a document captioned as "Objections" on July 25, 2011 (Doc. 62). This triggers de novo review by the undersigned Judge of those portions of the Report to which Plaintiff specifically objected. **See 28 U.S.C. 636(b)(1).** The district judge may accept, reject, or modify the recommended disposition, or return the matter to the magistrate judge with instructions. *Id.*

Magistrate Judge Williams' Report thoroughly explained the underlying facts, Plaintiff's allegations, and the standards governing summary judgment motions generally and deliberate indifference claims specifically. He pointed out that

2

Defendants claim entitlement to summary judgment not by disputing that Plaintiff suffers from a serious medical condition and not by claiming they did not know of that condition. Instead, relying largely on the fact that they are not medical providers, Defendants argue that Plaintiff failed to create a material fact issue as to whether he was at a substantial risk of serious harm and whether Defendants were deliberately indifferent to that risk.

Judge Williams found that Defendants had missed the key issue raised by Plaintiff in his complaint -- that after receiving a Medical Permission Order from the Health Care Unit which allowed Plaintiff to wear tennis shoes instead of state-issued work boots, Defendants still insisted that Plaintiff wear the work boots despite the substantial risk of harm caused to his feet by the boots. Judge Williams concluded (Doc. 59, pp. 7-8):

> Plaintiff has created a material issue of fact as to whether Defendants were deliberately indifferent to [his] medical needs when they allegedly refused to allow Plaintiff to wear tennis shoes even after he obtained medical permission from the Health Care Unite due to his diabetes, effectively interfering with Plaintiff's prescribed treatment, requiring him not to wear work boots for six months. Defendants fail to even mention this issue of fact in their summary judgment motion….
>
> As issues of material fact still remain on Plaintiff's claim of deliberate indifference against Defendants, the undersigned accordingly RECOMMENDS that the Court DENY Defendants' motion for summary judgment.

In his two-page Objections to the Report (Doc. 62), Plaintiff first challenges several sentence in the Report discussing what Defendants were and were not aware of regarding Plaintiff's medical condition. Careful review of the Report and Objections reveals that Plaintiff misunderstood that Judge Williams was summarizing

3

Defendant's arguments (i.e., Doc. 59, p. 3, "Defendants never prevented Plaintiff from accessing the Health Care Unit and never retaliated against him for his insistence on wearing tennis shoes…. Defendants also argue that they were not aware that wearing the boots would cause Plaintiff's ulcer to develop an infection"). Judge Williams did not make these findings on behalf of the Court. This part of the Report is simply his summary of the arguments Defendants made. Judge Williams clearly *rejected* these arguments in ruling against Defendants on the motion.

Plaintiff also objects to a sentence in the Findings of Fact section of the Report stating: "The medical record notes that Plaintiff was suffering from blisters on both feet (Id.)" (Doc. 59, p. 2). Plaintiff maintains that the medical records do *not*, in fact, say he had blisters on *both* feet. Plaintiff is correct in the sense that the Report cites the wrong page of the medical records on this point (the Report uses an "*id.*" to refer to Doc. 54, Exh. 2, p. 1, which does not appear to contain this information). But the medical records on other pages (Doc. 54, Exh. 2, pp. 2-3) do state that Plaintiff had blisters on both feet. They state that patient (abbreviated at "Pt") "has a blister to his Right great toe and a small blister to his left outter [sic] aspect of foot below ankle bone." Judge Williams properly considered and included this fact in reaching his decision.

Similarly, Plaintiff objects to the idea that he *refused* prescribed foot soak treatments. Again, here, the Report accurately recounts the evidence and *arguments* in the record. The Report acknowledges that the medical records indicate Plaintiff refused the foot soaks on some occasions. It also point outs that the parties "dispute whether Plaintiff refused the foot soaks or was not given the foot soaks…" (Doc. 59, p. 2). Judge

4

Williams correctly summarized the medical records and the parties' positions on this issue. He then stated that "Plaintiff subsequently developed a diabetic ulcer which became infected and developed gangrene, causing Plaintiff to require an amputation of his right leg below the knee" (Doc. 59, p. 2). Although the Court appreciates Plaintiff's diligence in asserting his position on the foot soak issue, this objection lacks merit, because Judge Williams did not incorrectly state the facts.

The remainder of Plaintiff's objections challenge parts of the Report which present Defendants' *arguments*. The Court rejects these objections, because the statements targeted by Plaintiff are not facts being found true by the Court, they are just instances of the Court repeating the Defendants' position or argument on various incidents or issues.[1]

In short, Plaintiff succeeded in defeating Defendants' summary judgment motion. Magistrate Judge Williams properly found the facts and assessed the governing law in reaching that conclusion. The undersigned District Judge ADOPTS the Report (Doc. 59), FINDS that genuine issues of material fact remain which preclude summary judgment for Defendants, and DENIES Defendants' summary judgment motion (Doc. 53).

The discovery and motion-filing deadlines have expired, no motions are pending at this time. This case will proceed to jury trial before the undersigned District Judge as scheduled on September 12, 2011 at 9:00 a.m., with a final pretrial conference before Judge Williams on August 15, 2011, and a status conference before the undersigned District Judge at 11:00 a.m. on Wednesday, September 7, 2011.

---

[1] Although Local Rule 73.1 gives Defendants an opportunity to respond to Plaintiff's objections, the Court need not await that response where, as here, it finds no merit in the objections (thereby obviating the need for any challenge by defense counsel).

IT IS SO ORDERED.

DATED July 29, 2011.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge