IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 08−cv−0285−SCW |
| | ) |
| **MARK BOOZER and PAUL MCGUIRE,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**WILLIAMS, Magistrate Judge:**

Now before the Court are two post-trial motions brought by Plaintiff Michael Williams: a Motion for Extension of Time (Doc. 80) and an Application for a Certificate of Appealability (Doc. 81).

Final judgment was entered on Williams' § 1983 civil rights case on September 30, 2011. However, court records reflect that the final judgment and order were inadvertently not mailed to Mr. Williams, who resides at Graham Correctional Center, until December 1, 2011, well after his deadline to appeal had expired. According to Mr. Williams, he did not receive those documents until December 13—seven days before he filed his motion for an extension of time.

Mr. Williams' motion for a certificate of appealability is simply a procedural mistake on his part. Such a certificate is considered for habeas proceedings, but not for § 1983 appeals, and is not necessary here. *See* FED. R. APP. P. 22(b). The court cannot grant such a certificate, so Williams' Application for a Certificate of Appealability (Doc. 81) is **DENIED as MOOT.**

Federal Rule of Procedure 4(a)(6) allows the district court to reopen the time to file an appeal when three conditions are all satisfied: (A) the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed

within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within seven days after the moving party receives notice of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.  **FED. R. APP. P. 4(A)(6).**

Here, all three conditions are satisfied.  The Court has no information that would suggest Mr. Williams' timeline is anything other than true.  He received notice of the entry of judgment over sixty days after it was docketed.  He filed the instant motion seven days after he received that notice.  And no party would be prejudiced by an appeal—indeed, allowing Williams to appeal now would prevent him from being prejudiced by an inadvertent clerical error.  Additionally, the defendants have not opposed this motion.  Mr. Williams' Motion for Extension of Time (Doc. 80) is **GRANTED**.

But Rule 4(a)(6) has another requirement: the Court can only reopen the time to file an appeal for fourteen days.  So to be clear, **Mr. Williams has from 14 days from the date of this order (on or before February 8, 2012) to make his appeal**.  He need not wait for resolution of any other pending motions in this case to do so.

Mr. Williams also requested an extension for filing "any additional motion."  No further explanation of what motion (or grounds for a potential motion) are included, so insofar as Mr. Williams' motion at Docket No. 80 asks for *other* extensions of time, that motion is **DENIED.**

    **IT IS SO ORDERED.**
    Dated: <u>**January 25, 2012**</u>                        <u>/s/ *Stephen C. Williams*</u>
                                                           STEPHEN C. WILLIAMS
                                                           United States Magistrate Judge